## Samantha F. Williams, Appellee, v. J. F. Rowley Company, Appellant.

## Gen. No. 20,965. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed with finding of fact. Opinion filed December 21, 1915.

### Statement of the Case.

Action by Samantha F. Williams, plaintiff, against the J. F. Rowley Company, defendant, to recover back the amount paid for an artificial leg. From a judgment for plaintiff for one hundred dollars, defendant appeals.

It appeared that plaintiff had retained possession of the leg since delivery and that two years afterwards she came into the factory wearing the leg for the purpose of having some repairs made upon it, and wore it when she left. While she denied that she had used it in the meantime, except for the purpose of testing it, two witnesses testified that it bore evidence of use and wear. She admitted that she tried to use it, but claimed that it did not fit her and that she asked to have her money back, though she never returned or apparently offered to return the leg.

EARL J. WALKER, for appellant.

BEACH & BEACH, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 398*—*when variance exists between allegations of rescission and proof.* In an action to recover for breach of a contract of sale, whereby plaintiff purchased an artificial leg of defendant, where a count in plaintiff's declaration averred a rescission

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

evidence, *held* not to sustain the count, there being no evidence of a rescission.

2. SALES, § 398*—*when variance exists between allegation of breach of warranty and proof.*  In an action to recover for breach of a contract of sale, whereby plaintiff purchased an artificial leg of defendant, where one count in plaintiff's declaration averred a breach of warranty, evidence *held* not to support the count although there was evidence of a verbal warranty by defendant, where it appeared that subsequently a written contract containing no warranty was tendered to and accepted by plaintiff.

3. EVIDENCE, § 345*—*when evidence of parol warranty inadmissible to contradict subsequent written agreement.*  In an action to recover for breach of a contract whereby plaintiff purchased an artificial leg of defendant, evidence of a verbal warranty of the leg by defendant *held* properly stricken, where it appeared that a written contract not containing a warranty, but embodying the conditions under which the leg was sold, was subsequently tendered to and accepted by plaintiff.

4. SALES, § 404*—*when damages not recoverable for lack of proof.*  In an action to recover for breach of warranty contained in a contract of sale whereby plaintiff purchased an artificial leg of defendant, there is no basis for an assessment of damages where there is no evidence of the value of the leg actually furnished, as the measure of damages is the difference in value between the leg furnished and that which the contract required defendant to furnish.

5. SALES, § 401*—*when evidence sufficient to show acceptance in action for breach of warranty.*  In an action to recover for breach of a contract whereby plaintiff purchased an artificial leg of defendant, where it appeared that plaintiff never returned the leg to defendant, although she complained that it did not conform to the contract, evidence *held* to show an acceptance of the leg.

6. SALES, § 388*—*when buyer should be required to elect remedy.*  In an action to recover damages for alleged breach of contract, where in one count plaintiff declares on a breach of warranty and in another count alleges a rescission of the contract, plaintiff should be required to elect which cause of action she would rely upon, for the reason that the remedies are inconsistent, in that an allegation of a breach of warranty implicitly affirms the sale, while a rescission involves a disaffirmance thereof.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.